■ JOY SILVERMAN, Appellant, v MEMBER BROKERAGE SERVICES, LLC, Respondent. [751 NYS2d 245] —In an action, inter

alia, to recover damages for breach of an employment contract, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered June 25, 2001, which denied her motion, denominated as one for summary judgment, but which was, in effect, to enforce a purported settlement agreement.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, among other things, to recover damages for breach of an employment contract. To resolve their dispute, the parties signed a memorandum of understanding (hereinafter the memorandum). The plaintiff moved, in effect, to enforce the terms of the memorandum. The Supreme Court denied the motion, concluding that the memorandum was not an enforceable settlement agreement.

The memorandum provided that the parties would execute a more detailed "formalized" settlement agreement. In fact, the payments to be made to the plaintiff as set forth in the memorandum were not due until a "more formalized" agreement was executed. After the memorandum was signed, the parties continued to negotiate certain terms of the agreement.

The fact that a more formal contract is contemplated by the parties does not render an agreement unenforceable if it contains the essential elements of a contract (see Sanders v Pottlitzer Bros. Fruit Co., 144 NY 209, 213). While the memorandum contained the material terms of the parties' agreement, the parties' conduct and the language of the memorandum itself evidence their intent that the settlement agreement would not be effective until a more formal, detailed agreement was executed. The parties did not simply contemplate a more formal agreement, but required execution of such an agreement to trigger certain obligations. Consequently, the Supreme Court properly denied the plaintiff's motion.

In light of our determination, it is unnecessary to address the defendant's contention that discovery is necessary to oppose the motion, or its contention that the plaintiff's mother, who was also a party to the memorandum, is an indispensable party, a contention which, in any event, is unpreserved for appellate review. Ritter, J.P., Altman, Adams and Crane, JJ., concur.